UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. JUSTISE SR.

          Plaintiff,

   v.                             CAUSE NO. 3:20-CV-514-DRL-MGG

WARDEN,

          Defendant.

<u>OPINION & ORDER</u>

Charles E. Justise Sr. is a prisoner at the Miami Correctional Facility (MCF). Unrepresented, he filed a complaint, preliminary injunction motion, and petition to proceed *in forma pauperis*. However, Mr. Justise has accrued three strikes under the Prison Litigation Reform Act. *See Justise v. Mathias*, 1:20-cv-621 (S.D. Ind. March 3, 2020) ("Mr. Justise was notified in *Justise v. Mr. Young*, et al., 1:06-cv-1256-DFH-VSS (Aug. 24, 2006), that he is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because he has filed several actions that were dismissed as frivolous."). Therefore, he may not proceed *in forma pauperis*, except for claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)).

Mr. Justise alleges that he is in imminent danger because he has diabetes, yet he is prescribed wrong medications for his treatment. In particular, he states he is given insulin R and NPH which have failed to control his blood sugar levels. In addition, although he doesn't explain the severity, he states he is allergic to insulin R. Last, Mr. Justise alleges that he is not provided adequate diet for his diabetic condition.

The court must determine whether Mr. Justise's complaint states a claim and, if so, whether it alleges that he is in imminent danger. The Eighth Amendment to the United States Constitution requires that inmates receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "[C]ourts may consider the cost of treatment alternatives when determining what constitutes adequate, minimum-level medical care, but medical personnel cannot simply resort to an easier course of treatment that they know is ineffective." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (quotation marks, brackets, and citations omitted). Furthermore, continuing the course of treatment that a doctor knows to be ineffective may evidence constitutional violation. *Id.* at 441-42.

Mr. Justise has stated a claim under this legal standard. According to Mr. Justise, he was hospitalized in April 2020 when a hospital doctor determined that he could not be administered insulin R and NPH due to drug intolerance. Nevertheless, at MCF he is still prescribed these medications and, though he takes 300 units a day, he alleges his blood sugar levels remain dangerously high. Mr. Justise further claims that an MCF doctor has also acknowledged that the current medications aren't controlling his blood sugar levels but he can't have other medications because of their high cost. Mr. Justise states that the prescription of insulin R and NPH "has caused [him] a lot of pain, damage to his kidneys, and his eyesight" (ECF 2-1. Br. Mot. Prelim. Injunction at 3). According to Mr. Justise, his condition has been aggravated because MCF is not providing him with the proper diabetic diet. Finally, he claims that he is given the same food as other prisoners without regard to his diabetes.

In addition to stating a claim, the complaint sufficiently alleges imminent danger to Mr. Justise so as to except him from the three-strikes rule. He submits that improper medications have caused him to suffer constant severe arm pain and are damaging his eyes and liver. If Mr. Justise is to be believed, his health may be in jeopardy. Because the Warden of the Miami Correctional Facility has both the authority and the responsibility to ensure that Mr. Justise is provided constitutionally adequate medical care, *see Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), Mr. Justise will be

allowed to proceed on an Eighth Amendment claim against him in his official capacity, though he is not named in the complaint.

Mr. Justise also brings claims regarding prison grievances, inadequate medical care for his feet, and wrongful transfer to a different prison. None of these claims can be plausibly construed as falling within the emergency exception of the three-strikes rule. The same is true of his claims seeking monetary compensation. Therefore, all these claims will be dismissed without prejudice because Mr. Justise hasn't paid the $400 filing fee.

With his complaint, Mr. Justise filed a motion for a preliminary injunction. He is asking the court to order that he be prescribed Humalog and Lantus instead of insulin R and NPH for his diabetes and be allowed to determine the dosage for these medications. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Moreover, inmates are not entitled to demand "specific care," nor are they entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Thus, though Mr. Justise's specific request for a preliminary injunction may be too far reaching, the court will nevertheless consider his motion for the purpose of determining whether he is receiving adequate care for his diabetes and whether an injunction is needed to safeguard his Eighth Amendment rights.

For these reasons, the court:

(1)     GRANTS Mr. Justise leave to proceed against the Warden of the Miami Correctional Facility on an Eighth Amendment claim to obtain permanent injunctive relief related to his claims that he has been deprived of constitutionally adequate medical care in that:

      a.   he is allegedly prescribed medications to which he is allergic and that have failed to manage his blood sugar; and

      b.   he is allegedly not provided adequate diet for his diabetic condition;

(2)      DISMISSES all other claims;

(3)      DISMISSES Kimberly Myers, Dr. Kunezli, Dr. Nancy Marthakis, Vern Fanning, Sherry Fritter, Dr. Michael Mitcheff, Ms. Ellis, Licensed Dietitian, and Scott Kenworth**;**

(4)      DIRECTS the Clerk to ADD the Warden of the Miami Correctional Facility as the Defendant;

(5)      DIRECTS the Clerk to request Waiver of Service from the Warden of the Miami Correctional Facility by email to the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction and memorandum in support (ECF 2 & 3) pursuant to 28 U.S.C. § 1915(d);

(6)      DIRECTS the Clerk to fax or email a copy of the same documents to the Warden of the Miami Correctional Faculty;

(7)      DIRECTS the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915(d) on the Warden of the Miami Correctional Facility by July 20, 2020, if an appearance has not been filed by July 10, 2020; and

(8)      ORDERS the Warden of the Miami Correctional Facility to file and serve a response to the motion for a preliminary injunction as soon as possible but not later than **July 27, 2020**, with supporting medical documentation and declarations from staff as necessary, addressing:

   a.   the status of the plaintiff's diabetes treatment;

   b.   the medications plaintiff is currently prescribed;

   c.   whether plaintiff is allergic to the prescribed medications and, if so, the severity of any such allergies;

   d.   whether plaintiff suffers drug intolerance for prescribed medications;

   e.   whether plaintiff's blood sugar is properly controlled;

   f.   prescribed future course of treatment, if any; and

      g.   whether plaintiff has been prescribed medical diet, and whether he is getting such diet.

SO ORDERED.

June 25, 2020                           _s/ Damon R. Leichty_____
                                         Judge, United States District Court