UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. JUSTISE, SR.,

Plaintiff,

v.

CAUSE NO. 3:20-CV-514-DRL-MGG

KIMBERLY MYERS, et al.,

Defendants.

OPINION AND ORDER

Charles E. Justise, Sr., a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF 57. The court must screen the amended complaint to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The court observes at the outset that Mr. Justise is "three-struck," having incurred three or more strikes for filing frivolous lawsuits. *See* ECF 5 at 1. He is thus barred from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury. The court previously found that he had adequately alleged imminent danger based on the insulin regimen and diet he was receiving for his Type 1 Diabetes at Miami Correctional Facility. ECF 5 at 2. Specifically, he was granted leave to proceed on claims

for injunctive relief that: (1) he is allegedly prescribed medications to which he is allergic and that have failed to manage his blood sugar; and (2) he is allegedly not provided adequate diet for his diabetic condition. *Id.* at 3. He also filed a motion for a preliminary injunction, ECF 2, which was denied following briefing because the court concluded that Mr. Justise had not made a clear showing that he was entitled to relief, ECF 31. Mr. Justise now seeks to add a host of claims to this lawsuit related to a variety of issues against staff at different correctional facilities, prison and medical administrators, and others.

The filings in this case after the screening order issued raise a concern about the court's earlier determination that his diet claim satisfied the § 1915(g) standard. If later developments in a case establish that the allegations of imminent danger are untrue, the court may revisit its determination of imminent danger. "The court cannot disregard the allegation [of imminent harm] as self-serving, but neither must the court accept whatever a prisoner says." *Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (holding district court may require proof to substantiate claims of imminent danger); *see also Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1172-73 (7th Cir. 2010) (approving of district court's using evidence from a prisoner's prior lawsuit to find that allegations of imminent danger were not true). The court determined when deciding the preliminary injunction that "the record shows that Mr. Justise is receiving a 2200-calorie diabetic meal with an additional diabetic snack. Mr. Justise's complaints about the quality of the food and lack of fresh vegetables do not establish an Eighth Amendment violation." ECF 31 at 5 (citation omitted). This shows that at the time Mr. Justise filed the complaint, he was not in imminent danger due to his diet. Mr. Justise alleges that the diabetic meal is not actually

2

a diabetic meal, ECF 57 at 7-8, but he confuses an optimally-healthy diet for a Type 1 Diabetic with a constitutionally adequate one.

Thus, the record shows that when Mr. Justise filed his complaint, the allegations that his diet was putting him in imminent danger were untrue. Therefore, Mr. Justise may proceed on claims for money damages only as to those claims with a nexus to the allegations of imminent danger regarding his insulin regimen at Miami. *Cf. Jones v. Bock*, 549 U.S. 199, 221 (2007) (noting when discussing the exhaustion requirement for prisoner lawsuits that "[a]s a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad").

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

3

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In fact, "medical professionals are not required to provide 'proper' medical treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). That said, when "prison officials utterly fail to provide care for a serious medical condition, the constitutional violation is obvious[.]" *Campbell v. Kallas*, 936 F.3d 536, 548 (7th Cir. 2019).

Mr. Justise names three medical defendants who are involved with his diabetes care at Miami: Nurse Practitioner Kim Meyers, Dr. Kunezli, and Dr. Michael Mitcheff. Of these, NP Meyers and Dr. Kunezli provided direct care in the prison and Dr. Mitcheff was the head of Wexford's medical staff at the time of these events.[1] Mr. Justice alleges

---

[1] The court notes that Wexford's contract with Indiana Department of Correction terminated on July 1, 2021, and it was replaced by a different company, Centurion Health. *See* Centurion Health Provides Correctional Health for Indiana Department of Correction, Cision PR Newswire, July 12, 2021, *available at* [https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html](https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html) (last visited Aug. 26, 2021). Mr. Justise's amended complaint does not make any mention of Centurion Health, and the claim for injunctive relief against the Warden is unaffected by changes in medical staff.

that NP Meyers and Dr. Kunezli continued him on insulin R and NPH, despite Mr. Justise explaining that he is intolerant and allergic to R. ECF 57 at 4. Furthermore, they continued this course of treatment even though Mr. Justise alleges that the large volume of insulin he receives every day causes him ongoing pain at the injection sites, and he worries about long-term complications from receiving that much insulin daily. Mr. Justise alleges that Dr. Kunezli attempted to get approval for him to take a concentrated version of insulin R, U-500, which would allow him to take 1/5 the volume of insulin he currently takes. *Id.* at 5. But Dr. Mitcheff would not approve it because it was too expensive. *Id.* at 6.

Mr. Justise states a claim against Dr. Mitcheff, but not against Dr. Kunezli or NP Meyers. The request for a different insulin demonstrates that the treating medical staff were exercising professional judgment in his care, and nothing suggests either Dr. Kunezli or NP Meyers had control over whether the request would be approved. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 667 (7th Cir. 2016) (Wood, J., concurring in part) (noting review process that takes treatment decision out of referring doctor's hands "undermine[s] a finding of deliberate indifference on the first doctor's part"). But at this stage, it is plausible that Dr. Mitcheff's refusal to approve the insulin request could constitute deliberate indifference. He will be permitted to proceed against this defendant.

Additionally, the court notes that Mr. Justise did not include the Warden as a defendant in his amended complaint. When screening the case originally, the court added the Warden as a defendant, noting:

5

> Because the Warden of the Miami Correctional Facility has both the authority and the responsibility to ensure that Mr. Justise is provided constitutionally adequate medical care, *see Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), Mr. Justise will be allowed to proceed on an Eighth Amendment claim against him in his official capacity, even though he is not named in the complaint.

ECF 5 at 2-3. Mr. Justise stated that he removed the Warden from the amended complaint because he anticipated being transferred soon, which would moot the claim for injunctive relief. ECF 49. However, Mr. Justise has not filed a notice of change of address, and there is nothing on the docket to reflect that a transfer is imminent. Accordingly, the court will add the Warden back in as a defendant.

As a final matter, Mr. Justise filed another amended complaint, ECF 58, after he was granted leave to file this one. At this stage of the proceedings, Mr. Justise may file an amended complaint only with the opposing party's written consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). He does not have the opposing party's consent, nor will the court give him leave to do so. Although the court "should freely give leave when justice so requires," *id.*, the additional allegations about a recent Hepatitis B diagnosis do not change the outcome of this screening order. Allowing the amended complaint would be pointless.

For these reasons, the court:

(1) LIFTS the stay;

(2) STRIKES the amended complaint (ECF 58);

(3) GRANTS Charles E. Justise, Sr., leave to proceed against Dr. Michael Mitcheff in his individual capacity for compensatory and punitive damages for continuing Mr. Justise on U-100 insulin R and NPH despite the possible adverse effects of taking a

large volume of insulin and despite the ongoing pain caused by injecting that quantity of insulin in violation of the Eighth Amendment;

(4) GRANTS Charles E. Justise, Sr., leave to proceed against the Warden of the Miami Correctional Facility in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief related to his claim that he has been deprived of constitutionally adequate medical care related to his insulin regimen for his Type 1 Diabetes;

(5) DISMISSES all other claims;

(6) DISMISSES Kimberly Meyers, Kunezli, Nancy Marthakis, Vern Fanning, Sherry Fritter, Licensed Dietition, and Scott Kenworthy;

(7) DIRECTS the clerk to ADD the Warden of the Miami Correctional Facility as a defendant;

(8) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Michael Mitcheff at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 57), pursuant to 28 U.S.C. § 1915(d);

(9) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Miami Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 57), pursuant to 28 U.S.C. § 1915(d);

(10) ORDERS Wexford of Indiana, LLC, and Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Michael Mitcheff and the Warden of the Miami Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 31, 2021 *s/ Damon R. Leichty*
Judge, United States District Court