UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. JUSTISE, SR.,

Plaintiff,

v.

CAUSE NO. 3:20-CV-514-DRL-MGG

MICHAEL MITCHEFF,

Defendant.

OPINION AND ORDER

Charles E. Justise, Sr., a prisoner without a lawyer, filed a motion for summary judgment. ECF 184. He is proceeding in this case "against Dr. Michael Mitcheff in his individual capacity for compensatory and punitive damages for continuing Mr. Justise on U-100 insulin R and NPH despite the possible adverse effects of taking a large volume of insulin and despite the ongoing pain caused by injecting that quantity of insulin in violation of the Eighth Amendment[.]" ECF 59 at 6-7. Because Mr. Justise's motion is deficient on its face, the court will deny the motion without a response from Dr. Mitcheff. *See Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) ("[W]hen a movant fails to meet its initial summary-judgment burden, the burden does not shift to the nonmovant and the motion should be denied[.]").

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Because Mr. Justise is the plaintiff in this matter, he bears the burden of proof on each element of the claim. "The party that bears the burden of proof for an issue at trial must cite the facts which it believes would satisfy that burden and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant." *Bunch v. United States*, 880 F.3d 938, 941 (7th Cir. 2018) (quotations and alterations omitted); *see also Mitchell v. Baker*, No. 13-cv-860-MJR-SCW, 2015 WL 5076938, 3 (S.D. Ill. Aug. 27, 2015) (plaintiff moving for summary judgment "may prevail only if he has presented evidence so compelling—as to each element of his claim—that no reasonable jury could find for the non-movant").

The main issue of the case concerns the insulin Mr. Justise is given to manage his Type 1 diabetes. He contends that his diabetes is better controlled when he uses the insulins Humalog and Lantus, rather than the R and NPH that the prison doctor had prescribed. As detailed in the screening order, Mr. Justise raised issues concerning his medical care after his transfer to Miami Correctional Facility in April 2019:

> Mr. Justise names three medical defendants who are involved with his diabetes care at Miami: Nurse Practitioner Kim Meyers, Dr. Kunezli, and Dr. Michael Mitcheff. Of these, NP Meyers and Dr. Kunezli provided direct care in the prison and Dr. Mitcheff was the head of Wexford's medical staff at the time of these events. Mr. Justice alleges that NP Meyers and Dr. Kunezli continued him on insulin R and NPH, despite Mr. Justise explaining that he is intolerant and allergic to R. ECF 57 at 4. Furthermore, they continued this course of treatment even though Mr. Justise alleges that the large volume of insulin he receives every day causes him ongoing pain

2

> at the injection sites, and he worries about long-term complications from receiving that much insulin daily. Mr. Justise alleges that Dr. Kunezli attempted to get approval for him to take a concentrated version of insulin R, U-500, which would allow him to take 1/5 the volume of insulin he currently takes. Id. at 5. But Dr. Mitcheff would not approve it because it was too expensive. Id. at 6.

ECF 59 at 4-5.

In his summary judgment motion, Mr. Justise relies on a denied Formulary Exception Request from April 2019 to prove that Dr. Mitcheff provided him with inadequate medical care. In that request, Mr. Justise's provider at Indiana State Prison requested that Dr. Mitcheff approve that Mr. Justise's insulin be changed from Humulin NPH/Reg to LisPro/Humalog, non-formulary medications. ECF 184-2 at 61. The provider explained, "Inmate believes no other insulin works for him, he will boycott any other regimen prescribed to the point of becoming harmful to self." *Id.* Dr. Mitcheff denied the request: "ATP pt has uncontrolled [diabetes mellitus]. Refused CCC. Please change regimen to NPH/Regular." *Id.*

This evidence does not meet Mr. Justise's high burden at summary judgment to provide compelling evidence that Dr. Mitcheff acted with deliberate indifference. Under the Eighth Amendment, inmates are entitled to adequate medical care to treat serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir.

2008) (quotations and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even incompetence doesn't state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). As the Seventh Circuit has summarized,

> medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson*, 541 F.3d at 697-98 (quotations and citations omitted).

It is undisputed, based on the record, that Dr. Mitcheff did not approve a request to allow Mr. Justise to switch from NPH and R to different types of insulin in April 2019, when he was still at Indiana State Prison. ECF 184-2 at 61. This does not meet Mr. Justise's high burden for two reasons. First, Mr. Justise presents no evidence that this decision fell below a minimal standard of care. Even if other doctors would have (and did) prescribe a different course of treatment, that does not constitute compelling evidence that Dr. Mitcheff's decision fell below the applicable standard of care. *See Petties v. Carter*, 836

4

F.3d 722, 729 (7th Cir. 2016) ("[E]vidence that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim.").

Mr. Justise's contention that he is allergic to R, experiencing a rash at the injection site, is not a reason to conclude differently. ECF 184-1 at 2; ECF 184-2 at 88, 90. There is no evidence that Dr. Mitcheff was aware of this allergy when he rejected the request for an insulin change in April 2019 or that a rash at the injection site is a reason to discontinue that type of insulin in all cases. Inmates are not "entitled to the best care possible. [They] are entitled to reasonable measures to meet a substantial risk of serious harm[.]" *Forbes*, 112 F.3d at 267. Thus, even if Humalog and Lantus work better at controlling Mr. Justise's diabetes, that is not compelling evidence that R and NPH are constitutionally inadequate.

Second, Dr. Mitcheff's decision to deny the request for an insulin change in April 2019 predates Mr. Justise's transfer to Miami. It has no bearing on whether Dr. Mitcheff's later decisions concerning Mr. Justise's medical care were constitutionally inadequate. Mr. Justise identifies no evidence that Dr. Mitcheff was involved in any decisions regarding his insulin regimen when he was at Miami, and without personal involvement in those treatment decisions, he cannot be held liable. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (section 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim").

For these reasons, the court DENIES Mr. Justise's summary judgment motion (ECF 184). Briefing shall continue on Dr. Mitcheff's summary judgment motion (ECF 159).

SO ORDERED.

July 17, 2023                                              *s/ Damon R. Leichty*
                                                          Judge, United States District Court